BROWN, Chief Judge.
| plaintiff, LeDonald Sanders, appeals from a custody judgment naming defendant, Felisha Brown, domiciliary parent of the parties’ child and granting plaintiff physical custody during weekends. For the reasons set forth herein, we AFFIRM.

Facts and Procedural History

LeDonald Sanders and Felisha Brown are the parents of a son born on September 7, 2010. The parties were never married. They lived together from approximately September 2010 until February 2011. The relationship was troubled. Le-Donald had another intimate relationship with the mother of his older daughter; this woman conceived yet another child with LeDonald during the time he lived with Felisha.[1]
*1238 In December 2011, Felisha filed for a protective order. It is undisputed that LeDonald had no interaction with the parties’ child for approximately three weeks prior to the protective order being denied on January 6, 2012.
On December 8, 2011, LeDonald filed a petition to establish paternity and custody. He requested that he be named the domiciliary parent with defendant having physical custody on alternating weekends. On February 6, 2012, the trial court ordered the parties to participate in mediation and issued an interim custody order, awarding both parties “the joint shared care, custody and control” of the child. Pursuant to the order, the parties had alternating weeks of physical custody.
12Trial was held on March 20, 2012. Testimony was heard from the parties, LeDonald’s mother, Felisha’s mother and a friend of Felisha’s. At the close of trial, the court awarded the parties joint custody, named Felisha as the domiciliary parent, and specified that LeDonald would have physical custody of the child every weekend and certain holidays. The trial court filed a final judgment on April 26, 2012. Thereafter, LeDonald filed this timely appeal.[2]

Discussion

LeDonald argues that the trial court failed to properly apply La. R.S. 9:335(A)(2)(b), which provides that under an award of joint custody “[t]o the extent it is feasible and in the best interest of the child, physical custody should be shared equally.” Citing Evans v. Lungrin, 97-0541 (La.02/06/98), 708 So.2d 731, LeDonald claims that the failure of the trial court to award equal sharing is legal error interdicting its factual findings in this case and warranting a de novo review by this court.
Addressing the same issue of shared custody versus equal sharing of time under La. R.S. 9:335(A)(2)(b), this court in Ramos v. Barrios, 45,295 (La.App.2d Cir.03/03/10), 32 So.3d 324, held that there was no basis to invoke the de novo review standard as employed in Evans v. Lungrin, supra. The court in Barrios further stated that “the jurisprudence is legion that La. R.S. 9:335(A)(2)(b) does not require strict equality of time.” Id. Likewise, it has been held that when the trial court finds that a decree of joint custody |sis in the best interest of the child, La. R.S. 9:335(A)(2)(b) does not necessarily require an equal sharing of physical custody. Id. The paramount consideration in any determination of child custody is the best interest of the child. Stephenson v. Stephenson, 37,323 (La.App.2d Cir.05/14/03), 847 So.2d 175. Custody determinations are made on a case-by-case basis. Watson v. Watson, 45,652 (La.App.2d Cir.08/11/10), 46 So.3d 218. The trial court has vast discretion in deciding matters of child custody and visitation. Id. An appellate court should be reluctant to interfere with custody plans implemented by the trial court in the exercise of its discretion. Id. A de novo review in the case sub judice is not warranted.
The trial court is to consider all relevant factors in determining the child’s best in *1239 terest. Coleman v. Coleman, 47,080 (La.App.2d Cir.02/29/12), 87 So.3d 246. La. C.C. art. 134 lists some of the relevant factors to be considered in determining the best interest of the child.[3] The trial court is not bound to make a mechanical evaluation of all the statutory |4factors listed in La. C.C. art 134, but should decide each case on its own facts in light of those factors. Coleman, supra; Bergeron v. Bergeron, 44,210 (La.App.2d Cir.03/18/09), 6 So.3d 948. These factors are not exclusive, but are provided as a guide to the court, and the relative weight given to each factor is left to the discretion of the court. Watson, supra.
LeDonald argues that the parties had a satisfactory custody arrangement under the interim order granting each alternating weeks with physical custody. He contends that the parties’ cooperation during this period shows that such a permanent custody arrangement would be feasible. As noted above, to the extent feasible and in the best interest of the child, physical custody of the children should be shared equally. La. R.S. 9:335 A(2)(b); Barrios, supra. Nevertheless, even when joint custody is in the best interest of the child, the statute does not mandate an equal sharing of physical custody; substantial time, rather than strict equality of time, is the objective of joint custody. Id.
In the ease sub judice, LeDonald testified that he works as a truck driver weekdays; “I work from anywhere — my start time changes. It’s from maybe 7:00 or 8:00 maybe 9:00 (a.m.) I go in and I get off 5:00, 6:00, 7:00 in evening.” The trial court granted LeDonald “every weekend, from 30 minutes after he finishes work until- 6 p.m. on Sunday.” This is obviously quality as well as substantial time with the child. Further, the trial court thoroughly evaluated the pertinent factors listed in La. C.C. art. 134 and found that five of the factors favored Felisha, while four favored | sboth parties and two were not applicable. The trial court also found LeDonald not to be credible.
After review, we cannot say that the trial court abused its discretion in awarding joint custody, naming Felisha the domiciliary parent, allocating substantial physical custody to LeDonald on weekends and on designated holidays. Given the evidence adduced and trial court’s credibil *1240 ity determinations, this record falls far short of providing grounds for reversal based upon manifest error or abuse of discretion.

Conclusion

For the reasons set forth above, the judgment of the trial court is affirmed. Costs of appeal are assessed against appellant, LeDonald Sanders.
AFFIRMED.

. Shortly before the trial of this case, LeDo-nald married the mother of his other children.

. The state, through the District Attorney, filed a rule to establish support against LeDo-nald Sanders, as the mother was receiving support from the State Department of . Children and Family Services.

. Under La. C.C. art. 134, Such factors may include:
(1) The love, affection, and other emotional ties between each party and the child.
(2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.
(3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.
(4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.
(5) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(6) The moral fitness of each party, insofar as it affects the welfare of the child.
(7) The mental and physical health of each party.
(8) The home, school, and community history of the child.
(9) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
(10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.
(11) The distance between the respective residences of the parties.
(12) The responsibility for the care and rearing of the child previously exercised by each party.